## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| EMILY PERRY and ROBIN L. LEARISH on behalf of themselves and others similarly situated, <br><br> Plaintiffs, <br><br> vs. <br><br> WELTMAN, WEINBERG & REIS CO., L.P.A. <br><br> Defendant. | Case No. <br><br> **CLASS ACTION COMPLAINT** <br><br> **JURY TRIAL DEMANDED** |

## INTRODUCTION

1. Plaintiffs, on behalf of themselves and all others similarly situated, bring this action for damages against WWR for violations of the Fair Debt Collection Practices Act, 15 U.S.C. 1692 *et. seq.* The FDCPA prohibits debt collectors from engaging in abusive, deceptive and unfair collection practices. In violation of the FDCPA, WWR used false, deceptive or misleading means in connection with the collection of debts by utilizing a method for assessing attorneys' fees against Plaintiffs that was not authorized by contract or law and by misrepresenting the debts allegedly owed in state court complaints by failing to disclose or making misleading statements about the amount or method of determining their attorneys' fees. Plaintiffs request that the practices of WWR described below be declared to violate the FDCPA and that Plaintiffs and the class members be awarded actual and statutory damages payable by WWR.

## JURISDICTION/VENUE

2. This Court has jurisdiction. 28 U.S.C. 1331, 1337 and 15 U.S.C. 1692k(d).

3. Venue is proper in this District because the acts and transactions occurred here, Plaintiffs reside here and Defendant transacts business here.

## PARTIES

4. Ms. Perry resides in Indiana County, Pennsylvania and is a consumer as defined by the FDCPA.

5. Ms. Learish resides in Clearfield County, Pennsylvania and is a consumer as defined by the FDCPA.

6. Defendant WWR is a law firm with it's principal place of business in Cleveland, Ohio. WWR is a debt collector as defined by the FDCPA.

## FACTS

### Emily Perry

7. Ms. Perry allegedly incurred a debt as defined by the FDCPA-namely a Discover Bank credit card that was used for personal, family or household purposes.

8. The alleged debt was placed with WWR for collection.

9. WWR filed a complaint against Ms. Perry on February 17, 2011.

10. In paragraph eight of the complaint, WWR seeks liquidated attorneys' fees totaling $125.00.

11. The standard credit card agreement between Ms. Perry and Discover Card does not provide for a liquidated attorney fee.

### Robin Learish

12. Ms. Learish allegedly incurred a debt as defined by the FDCPA - namely a Discover Bank credit card that was used for personal, family or household purposes.

13. WWR filed an amended complaint against Ms. Learish.

14. In the Wherefore clause of Count I of the complaint, WWR seeks liquidated attorneys' fees in the amount of $125.00

15. The standard credit card agreement between Ms. Learish and Discover Card does not provide for a liquidated attorney fee

16. WWR's request for a liquidated attorney fee is a false representation of the amount of the alleged debt in violation of 15 U.S.C. 1692e, 1692e(2)(A) and 1692e(10). In addition, WWR violated 15 U.S.C. 1692f and 1692f(1) by seeking to collect a debt from Plaintiffs that was not expressly authorized by an agreement or permitted by law.

17. Plaintiffs never agreed to pay a liquidated attorney fee.

18. WWR cannot produce a writing where Plaintiffs agreed to pay a liquidated attorney fee.

19. WWR unilaterally changed the terms of the agreement between Plaintiffs and Discover Card.

## CLASS ACTION ALLEGATIONS

20. This class action is filed pursuant to Fed.R.Civ.P. Rules 23(a) and 23(b)(1), (b)(2) and (b)(3). Plaintiffs seeks the certification of (a) all natural persons with addresses in the Commonwealth of Pennsylvania (b) who allegedly entered into consumer credit card agreements with Discover Bank (c) as to whom WWR undertook collection by mailing correspondence or filing suit (d) as to whom WWR assessed, demanded and/or charged a liquidated attorney fee (e) in connection with the collection of a debt for personal, family or household purposes (e) on or after one year prior to the date this action was filed.

**Numerosity**

21.     The proposed Class is so numerous that it is impracticable to bring all persons before the Court. The exact numbers of the members of the class are unknown, but they are believed to include well over 100 persons. The exact number and identity of these persons can be determined from the records maintained by WWR.  In many instances, class members either are unaware that claims exist or have sustained individual damages too small to justify the costs of bringing suit separately.  When aggregated, however, individual damages are large enough to justify this class action.

**Predominance and Commonality**

22.     The questions of law and fact common to the claims of each class member overwhelmingly predominate over any question of law or fact affecting only individual members of the class. Questions of law and fact common to the class include, but are not necessarily limited to, the following:

      A.     Do the MBNA Agreements authorize WWR to assess a liquidated attorney fee?

      B.     Does WWR's practice of assessing a liquidated attorney fee constitute a violation of the FDCPA?

      C.     How does WWR account for the time expended by it's attorneys and paralegals?

      D.     What are WWR's policies, practices and procedures with respect to the assessment, charging, requesting and collection of attorneys' fees pursuant to the Discover Bank contracts.

    E. When communicating with members of the class in writing by letter or state court complaint, does WWR misrepresent the method and authorized basis for assessing and calculating attorneys' fees in violation of the FDCPA?

    F. Do WWR's written communications by letter or in state court complaints with the class fail to disclose material information about the amount and proper method for assessing attorneys' fees in violation of the FDCPA?

### Typicality

23. Plaintiffs' claims are typical of absent class members' claims. Plaintiffs and the class have sustained identical damages, and their claims arise from an identical factual background and identical legal theories as set forth in this complaint.

### Adequacy of Representation

24. Plaintiffs will assure the adequate representation of all members of the respective class. Their claims are typical of the class's claims. They have no conflict with class members in the maintenance of this action, and their interests in this action are antagonistic to WWR's interests.

25. Plaintiff's interests are coincident with, and not antagonistic to, absent class members' interest because by proving their individual claims they will necessarily prove WWR's liability as to the class's claims.

26. Plaintiffs are also cognizant of and determined to faithfully discharge their fiduciary duties to the absent class members as class representatives. They will vigorously pursue the class's claims. They are aware that they cannot settle this action without Court approval. Plaintiffs have and/or can acquire the financial resources to litigate this action.

27. Undersigned Counsel, Jeffrey L. Suher, P.C., is experienced in litigating class actions and has handled such actions in the state and federal courts for and on behalf of other consumers. Counsel is handling this case on a contingent basis and will receive compensation for professional services only as awarded by this court.

### Superiority

28. A class action provides for a fair and efficient method of adjudicating this controversy. The substantive claims of Plaintiff and the class members will require evidentiary proof of the same kind and application of the same law since WWR has treated all class members in a similar and/or identical manner. A class action is superior to other available methods for the fair and efficient adjudication of this controversy. The expense and burden of individual litigation effectively makes it impossible for individual class members to seek redress for the wrongs complained of herein.

### Manageability

29. There are no known unusual legal or factual issues that would cause management problems not normally and routinely handled in class actions, and because damages may be calculated with mathematical precision, the cost of administering the class fund will be minimized. Because class members may be unaware that their rights have been violated or, if aware, would be unable to litigate their claims on an individual basis because of their relatively small damages, a class action is the only practical proceeding.

### CAUSE OF ACTION

### COUNT I

### VIOLATION OF THE FDCPA

30. Plaintiffs incorporate by reference all of the above paragraphs.

31.     WWR's actions constitute a violation of the FDCPA including, but not limited to, each and every one of the above cited sections.

32.     As a result of WWR's violations of the FDCPA, Plaintiffs are entitled to actual damages, statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. 1692k(a)(2)(A) and reasonable attorney fees and costs pursuant to 15 U.S.C. 1692k(a)(3).

**WHEREFORE**, Plaintiffs pray that this Court:

* Enter judgment against WWR for actual damages, statutory damages, costs and reasonable attorney's fees as provided by 1692k(a) of the FDCPA.

* Grant such further relief as deemed just.


June 30, 2011                                           Respectfully Submitted,

**JEFFREY L. SUHER, P.C.**


/s/Jeffrey L. Suher

Jeffrey L. Suher, Esquire
PA. ID. 74924
4328 Old Wm. Penn Hwy., Ste. 2J
Monroeville, PA 15146
(412) 374-9005
(412)374-0799 (fax)
lawfirm@jeffcanhelp.com.